# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RICKKE LEON GREEN,** | ) |
| Petitioner, | ) ) ) |
| v. | )  **Case No. CIV 07-385-JHP-KEW** |
| **MARTY SIRMONS, Warden,** | ) ) ) |
| Respondent. | ) |

## **OPINION AND ORDER**

This matter is before the court on the respondent's motion to dismiss petitioner's amended petition for a writ of habeas corpus. Petitioner, an inmate currently incarcerated at Oklahoma State Penitentiary in McAlester, Oklahoma, is challenging his 2005 conviction in Oklahoma County District Court Case No. CF-2004-2588 for Possession of Contraband in a Penal Institution. He alleges he filed a motion in the state district court to proceed pro se in his direct appeal, but while that motion was pending, the Oklahoma Court of Criminal Appeals decided the direct appeal in *Green v. State*, No. F-2005-873 (Okla. Crim. App. Oct. 16, 2006). He contends he was denied due process, because the Oklahoma Court of Criminal Appeals failed to recall its mandate after being notified that the motion to proceed pro se on appeal still was pending

The respondent alleges this action is an unauthorized second or successive habeas petition, pursuant to 28 U.S.C. § 2254(b)(1). Petitioner previously has unsuccessfully challenged Case No. CF-2004-2588 in *Green v. Sirmons*, No. CIV 07-254-RAW (E.D. Okla. Feb. 19, 2008), *aff'd*, No. 08-7024 (10th Cir. Oct. 1, 2008), and in at least eight other habeas corpus actions in the Western District of Oklahoma. *See In re Rickke L. Green*, No. 08-6150, slip op. at 1-2 n.1 (10th Cir. Aug. 15, 2008). Normally, this petition now before the court

would be transferred to the Tenth Circuit for authorization to file a second or successive claim. 28 U.S.C. § 2244(b)(3)(A). The Tenth Circuit, however, has issued an order explicitly directing that petitioner's unauthorized successive claims challenging his 2005 state court conviction for Possession of Contraband in a Penal Institution not be transferred to that court. *In re Rickke L. Green*, No. 08-6150, slip op. at 5.

Petitioner argues in his response to the respondent's motion to dismiss that this action is a "consolidated petition" that concerns both Case No. CF-04-2588 and Case No. CF-03-118, and he erroneously claims the court granted him leave to consolidate his challenges to these two convictions into one habeas corpus petition. The court finds nothing in petitioner's amended petition to suggest he is challenging Case No. CF-03-118, so claims concerning that conviction will not be considered.[1]

**ACCORDINGLY,** the repondent's motion to dismiss [Docket #39] is GRANTED, and this action is DISMISSED in its entirety. Petitioner's motion for order issuing the writ [Docket #43] is DENIED as moot.

**IT IS SO ORDERED** this 31st day of March 2009.

James H. Payne
United States District Judge
Eastern District of Oklahoma

---

[1] Petitioner attempted to incorporate his original petition with his amended petition [Docket #12 at 5-6], but pursuant to Local Civil Rule 9.2(c), an amended pleading must "be complete in itself including exhibits, without reference to the superseded pleading."